FILED

RECEIVED

APR 15 2022

Name ___Mark A. Clearman___

Prison Number ___95638-012___

___U.S. Penitentiary Atwater___
___P.O. Box 019001___
___Atwater CA 95301___

APR 15 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
by_____ DEPUTY CLERK

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Address or Place of Confinement

Note:  If represented by an attorney, write attorney's name, address & telephone number

# United States District Court

## EASTERN DISTRICT OF CALIFORNIA

___MARK ANTHONY CLEARMAN___

Full Name (First, Middle, Last)

Petitioner,

vs.

___B. M. TRATE___

Name of Warden

(or other authorized person having custody of petitioner)

Respondent.

CASE NO. ___1: 22 CV 00044 HBK___ HC

(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. ___✓___ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. _____ other

**CAUTION:**  If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

## PETITION

(1) Place of detention: U.S.P Atwater, 1 Federal Way Atwater CA.95301

(2) Name and location of court which imposed sentence: Eight District Court - 400 East 9th Street, 5510 Kansas City MO 64106

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
91-00089-03-CR-W-6-1

(4) The date the sentence was imposed and the terms of the sentence:
August 20, 1992
Life without possibility of parole

(5) What was your plea (check one):        Not guilty (✓)        Guilty ( )        Nolo contendere ( )

(6) Kind of trial (check one):        Jury (✓)        Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:   Yes (✓)        No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL: 3 F.3d 244  1993  U.S. V MABRY
Name of court: Eighth Circuit, Court of Appeals (Direct-Appeal)
Grounds raised (list each):
    1)    Clearman entitled to mistrial or severance
    2)    Two prior drug felonys, not proven by government

Result/Date of result: Denied   August 13  1993

SECOND APPEAL:
Name of court: Eighth District Court (28 U.S.C 2255)
Grounds raised (list each):
    1)    Ineffective Assistance of Counsel
    2)    Prosecutorial misconduct

Result/Date of result: Denied   April 8th  1998

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

CAUTION:    If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE   I am actually and factually* innocent

of a prior Cal. State drug feloney actuating a
mandatory minimum life sentence.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

> **CAUTION:**   You must state *facts, not conclusions*, in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

neither at the time of my sentencing in 1992 nor my direct
appeal in 1993, had the Eighth Curcuit yet adopted that
the Ninth District Courts had a criterion used
to reduce some offenses known as WOBBLERS" from a
feloney offence to a misdemeanor, as in my case
verified in the sentencing transcribe for prior.

**GROUND TWO** I have not had an "Unobstructed Procedural
Shot" to present the above claim under 2244 successive-
2255

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

After presenting my 2255 in 1998 on different grounds.
the Eighth Curcuit changed their precedent in Qualifing
prior California state convictions for enhancement of
sentence purpose under California WOBBLER status.
The Eighth Curcuit has now had cases from 2004 up to 2019.
yet I cant meet the criterion under 2244 second/successive

## ADMINISTRATIVE APPEALS

(10)   Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )        No ( ✓ )   If your answer is no, explain why not: relief not available
Through BOP Appeals

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
      1)   _____
      2)   _____
Result/Date of result:_____

SECOND ADMINISTRATIVE APPEAL        Level of appeal:_____
Grounds raised (list each):
      1)   _____
      2)   _____
Result/Date of result_____

THIRD ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):

1) _____
2) _____
Result/Date of result:_____

FOURTH ADMINISTRATIVE APPEAL     Level of appeal:_____
Grounds raised (list each):
1) _____
2) _____
Result/Date of result:_____

(11)   Is the grievance process completed?     Yes ( )     No ( )

## PREVIOUS PETITIONS

(12)   Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes (✓)     No ( )

(13)   If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: _Eighth District Court (2255)_
Nature of proceeding: _2255 motion for relief_
Grounds raised (list each):
1) _Ineffective Assistance of Counsel_
2) _Prosecutorial Misconduct_
Result/Date of result: _Denied - April 8th 1998_

SECOND PREVIOUS PETITION
Name of court: _United States District Court - 9th District_
Nature of proceeding: _seeking reduction in sentence_
Grounds raised (list each):
1) _one of two prior state convictions is invalid Enhanc-_
2) _ment_
Result/Date of result: _15 years ago" the only in, was actually innocent of_
_The offence under 2241 - Transferred 2007_

(14)   If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.
_28 U.S.C. 2255 is "inadequate or ineffective"_
_to test the claim of actual innocence of_
_the predicated offence used for enhancement_
_to mandatory life sentence. 9th Circuit precedence_
_now available to challenge improper predicate offence_
_triggering mandatory minimume sentence as carrier offender_

---

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

(15)   Are you presently represented by counsel?

Yes ( )          No (✓)

If so, provide your attorney's name, address, and telephone number:

_____

_____

(16)    If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( )          No (✓)

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.


WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


_4 - 12 - 2022_                    _Mark Anthony Clearman_
(Date)                              (Signature of Petitioner)


_____
(Signature of Attorney, if any)

Mark Anthony Clearman 9538-012: (Attachment BRIEF) 21 U.S.C.§ 2241 Form Motion.


[POST CONVICTION HISTORY]

Mark A. Clearman, here and after movant, was arrested at his residence on April 18th 1991 at age 35 in Los Angeles California. After waiving an extradition hearing later transported to Kansas City Missouri were movant was charged with 3 native citizens of Kansas. After a trial by jury movant was found guilty of 1-count in the third superseded 30 count indictment, that being 21 U.S.C.841 (b)(1). The evidence at trial depicts movant as a 4-month participant in the 7 year duration of the offence. Movant received a mandatory minimum life sentence based on 2-prior California State convictions used as sentencing enhancements under §851.


[JURISDICTION]

Courts jurisdiction to consider a §2241 motion is authorized under Michael Allen v. Richard Ives, 950 F.3d 1184 2020, U.S. Lexis 5652, No. 18-35001 February 24, 2020.. The Allen-Ives Court decided the Courts jurisdiction is accessible for using §2241 when a claim of actual innocence is presented satisfying 28 U.S.C. 2255(e) - Escape Hatch, whereas 28 § U.S.C. 2255 is inadequate or ineffective to test the legalities of petitioners detention.

Additional propriety supporting the use of § 2241 can also be found in "Shephard v. Unknown Party, Warden FCI Tucson 5. F.4th 1075 (9th Cir. 2021) A petitioner claiming actual innocence of a non-capital sentence for which no "Unimpeded

Shot" previously existed applies to petitioners who received a

mandatory sentenceing scheme" Id. at 1077, Quoting - Allen v

Ives 976 F.3d 863, 846 (9ah Cir. 2020)

Like Allen, the precedence for movants claim became

available after the his Direct Appeal in 1993, and also his §

§2255 motion in 1998. There has never been an "obstructed

procedural shot" to a hearing, because the claims arose after

both the direct appeal and §2255, The several failed attempts

at redress were all dismissed for not adhering to rules for

filing a second or successive 2255, under 28 U.S.C.S 2244. (1)

newly discovered evidence or (2) a new rule of constitutional

law, made retroactive to cases on collateral review by the

U.S. Supreme Court, that was previously unavailable. §2255(h)


[ACTUAL INNOCENCE]

Movant like Allen-Ives, asserts that he is actually and

factually innocent of a prior predicated offence that mandated

a mandatory minimum life sentence as a career offender.

The prior Cal.State offence in question was rendered to be

a misdemeanor by California, Superior Court Judge, Bonnie Lee

Martin, Dept.no 112. On May 7 1981 during hearing No. A 356276

Probation] through an agreement with the State Prosecutor

Mr.Sweeters, Defenses Counsel C.Burkow, and Clearman, - "that

movant be sentenced to 90 days LA County jail with probation.

In place of State Prison. The sentence was served in LA

County's Way Side Honor Rancho Facility. and probation

completed successfully.

{Transcript Exhibit } p.2   L.8 to 14

The district attorney and the court, as well as the defendant

and his attorney, agree that the defendant would be sentenced

to no more than 90 days in County Jail; that he would be

placed on felony probation.

The court has requested, received and considered a 15-page

probation officers report which does recommend felony

probation with County Jail time;


In Accord with Cal.Penal Code §17(b)(1) the imposed sentence

of 90 days County Jail and probation rendered the offence

11350(a) to be a misdemeanor".

{Cal.P.Code §17(b)(1)}

17(b) When a crime is punishable, in the discretion of the

court, by imprisonment in the state prison or by fine or

imprisonment in the county jail, it is a misdemeanor for all

purposes under the following circumstances;


**17(b)(1) After a judgement imposing a punishment other than

imprisonment in the state prison.


Movants prior California State conviction in question from

1981, Cal.Health & Safety code 11350(a), was known as a

Wobbler" an offence that can be adjudicated as a felony or

misdemeanor, thought to Wobble between felony or misdemeanor

offence until final judgement is entered. Whether a Wobbler is

determined to be a misdemeanor or felony is controlled by

Cal.Penal Code §17(b), which sets out the range of judgments

by which an offence is categorized "for all purposes"

3

subsequent to judgment. Cal.Penal Code §17(b) see also United States v. Robinson 967 F.2d 287, 293 (9th Cir.1992)

Additionally the Prior California State Offence in question Cal.P.Code 11350(a) is no longer a Wobbler.. It is now classified as strictly a "misdemeanor" Under California's Proposition 47 mandated into law 1915. See Exhibit.

[UNOBSTRUCTED PROCEDURAL SHOT]

Clearman has never had an Unobstructed Procedural Shot at presenting this claim.  The supporting precedence in the district of conviction (8th District) became available after movants Direct Appeal in 1993, and after movants §2255 in 1998..

9th Circuit Precedence in California is not binding on the 8th Circuit in Missouri, and the same is true vice versa. On some issues of law several Circuits have "ADOPTED" rulings from other districts to apply in their district, emphasis added, these circumstance are present here.. When movant was convicted in the 8th District in 1991, the standard used to qualify the prior conviction as sentencing enhancement was- "If the conviction carried a sentence of a year or more, regardless of a lesser sentence received, it was suitable for sentencing enhancement.

"Although "9 years after the direct appeal", and 4 years after the §2255 the 8th District "acknowledges and adopts" the 9th Districts laws under which California Courts have authority to sentence some offences known as "Wobblers" as either a felony or misdemeanor. The sentencing transcript from

4

the probation hearing reflects that Superior Court Judge
Bonnie Lee Martin reduced the offence to a misdemeanor, under
Cal.Penal.Code §17(b(1), thereafter the prior state conviction
does not qualify for sentencing enhancement purposes.

 Movants direct appeal was denied in 1993 and the §2255 motion
was denied in 1998. Four (4) years afterwards in 2002, the 8th
district changes their precedence and takes in consideration
California Cal.P.Code §17 and is reflected in numerous 8th
District and 8th Circuit case.

Following are cases from the 8th District utilizing
California's Cal.Penal Code §17 to validate prior California's
State conviction for enhancement of sentence purposes. Movant
has not been able to access these decision because they don't
conform to rules for requesting certification to file a second
or successive §2255 motion. Making §2255 Inadequate or
Ineffective to test the merits of the claim. This situation
has further prevented an Unobstructed Procedural Shot at
redress. The following cases of authority from the 8th
District and Circuit Courts, apply California's Cal.Penal Code
§17 all support movant assertions, yet were decided after
movants direct appeal in 1993, and after his §2255 in 1998.


*[2002]  U.S. v. Gomez-Hernandez, 300 F.3d 974, 978 (8th
Cir.20020 Under California law where [an] offence is
alternately a felony or misdemeanor, it is regarded as a
felony for every purpose "until judgment. (quoting Robinson
967 F. 2d at 287-293 (9th Cir. 1992). A "Wobbler" becomes a
misdemeanor "after a judgment imposing a punishment other than
imprisonment in the State Prison. "Cal P.Code §17(b)(1)

*[2004]  U.S. v. Hinton, 100 fed Appx 595 (8th Cir. 2004)

*[2008]  U.S. v. Viezcas-Soto, 562 F.3d 903 (Oct. 14 2008 8th Cir.)

*[2011]  U.S. v. Chahia, Lexis 50669 (U.S. 8th District Ct. March 3 2011)

*[2013]  U.S. v. Adams, 716 F.3d 1066 (8th Cir. January 14 2013)

*[2015]  U.S. v. Quebedo, 788 F.d 768 (8th Cir. Feb. 13 2015)

*[2016]  U.S. v. Griffen, 670 Fed. Appx 431 (8th Cir. November 2016)

*[2017]  U.S v. McPherson, Lexis 103940, (8th Dist.Ct. July 2017)

*[2018]  U.S. v. Boswell, Lexis 126366 (8th Dist.Ct. July 2018)

*[2019  U.S. v. Konzen, Lexis 88511 (8th Dist.Ct. May 28 2019)