UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CLEARMAN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>B.M. TRATE,<br><br>　　　　　　Respondent. | Case No.  1:22-cv-00444-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [1]<br><br>(Doc. No. 7) |

　　　　Petitioner Mark Anthony Clearman ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition raises two grounds for relief that, taken together, advance a claim that Petitioner is actually innocent of his mandatory minimum life sentence because his prior state drug offense, known as a "wobbler" under California law, is no longer a qualifying predicate felony conviction for the purposes of sentence enhancement under 21 U.S.C. § 841(b) and § 851.  Respondent filed a Motion to Dismiss the

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. No. 14).

Petition on the basis that the Court lacked jurisdiction to review the § 2241 petition because the "escape hatch" of 28 U.S.C. § 2255 does not apply. (Doc. No. 7, "Motion"). On August 29, 2022, Petitioner filed an opposition to the Motion. (Doc. No. 12). For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

Petitioner, a federal prisoner, is serving a mandatory life sentence, after a jury trial, for conspiracy to distribute phencyclidine ("PCP") in violation of §§ 841(a)(1) and 841(b)(1)(A), entered by the United States District Court for the Western District of Missouri ("WDMO"). *See United States v. Edwards, et al.*, 4:91-cr-00089-BCW-3, Crim. Doc. Nos. 226, 579 (W.D. Mo.).[2] Based on two prior felony drug convictions, including a 1981 California state conviction for possession of cocaine, Petitioner was sentenced to life imprisonment pursuant to 21 U.S.C. § 851 and § 841(b). *Id*. at 499, 702. Petitioner's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eighth Circuit. *Id*. at Crim. Doc. No. 799; *United States v. Mabry*, 3 F.3d 244, 146-47 (8th Cir. 1993) ("California court records establish that, whether or not Clearman negotiated a misdemeanor-level punishment by pleading guilty, he was convicted of a drug felony under California law that is a proper predicate offense under 21 U.S.C. 21 U.S.C. § 841(b)").

On April 8, 1998, the WDMO denied Petitioner's motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *Clearman v. United States*, 4:97-cv-00648-CV-W-DW (W.D. Mo.). From 2007 to the present, Petitioner has filed multiple unsuccessful post-conviction motions largely asserting, as he does here, that one of his prior felony conviction is no longer defined as a "felony drug offense" and therefore does not qualify for the purpose of sentence enhancement under 21 U.S.C. § 851 and § 841(b). *See Clearman v. Norwood*, No. 2:07-00023-AG-JWJ (C.D. Cal. Feb. 26, 2007) (construing Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 as a motion pursuant to § 2255, and transferring case to WDMO); *See*

---

[2] The undersigned cites to the record in Petitioner's underlying WDMO criminal case as "Crim. Doc. No. _.".

*Clearman v. United States*, No. 07-cv-00187-CV-W-DW (W.D. Mo. Mar. 16, 2007) (denying § 2255 motion as unauthorized successive claim); *Clearman v. United States*, No. 07-2051 (8th Cir. 2007) (affirming denial of unauthorized successive claim); Crim Doc. No. 1021 (denying Petitioner's motion for relief pursuant to FRCP 60(b)(6) filed in 2012 because Petitioner is "seeking to collaterally attack his sentence and thus his motion amounts to a successive § 2255 motion"); Crim. Doc. Nos. 1027, 1036, 1038 (denying Petitioner's motion to reduce his sentence under U.S.C. § 3582(c) as he failed to provide any statutory authority that would permit the district court to modify his final sentence).

Most recently, with appointed counsel, Petitioner filed an amended motion for compassionate release under § 3582 in the WDMO court of conviction on March 26, 2021. Crim. Doc. No. 1049. Petitioner argued that pursuant to the First Step Act, the mandatory minimum sentence he would face under § 841(b)(1)(A) upon the filing of a § 851 notice is 25 years, and his "prior California conviction for possession of cocaine no longer qualifies as a predicate offense for a number of reasons: the offense did not include any intent to distribute, manufacture, or deliver a controlled substance; [Petitioner] did not serve at least 12 months in custody for the offense; the offense has been reclassified by the state of California as a misdemeanor offense." *Id*. The WDMO court of conviction denied the motion on the merits, specifically finding "there is no legal basis for amending Defendant's sentence when changes in sentencing laws are not retroactive"; and the Eighth Circuit affirmed. Crim. Doc. Nos. 1055, 1059.

## II.  APPLICABLE LAW AND ANALYSIS

### A.  § 2241 Petition

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id*. at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can

3

establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

        A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614 (1998)).  Here, Petitioner does not dispute the validity of his underlying conviction for conspiracy to distribute PCP.  Instead, Petitioner relies on *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) as support for his contention that he is actually innocent because at the time of his sentencing the Eighth Circuit had not "yet adopted . . . a criterion used to reduce some offenses known as wobblers from [a] felony offense to a misdemeanor," and therefore his predicate "wobbler" offense no longer qualifies as a "serious drug offense" for mandatory sentence enhancement under 21 U.S.C. § 841(b) and § 851.[3]  (Doc. No. 1 at 3, 7).  Petitioner also argues the prior state offense "was rendered to be a misdemeanor" at the time of sentencing because he was sentenced to 90 days in jail, a fine, and probation; and his prior offense is now classified "strictly" as a misdemeanor. (*Id*. at 7-9; Doc. No. 12 at 10); *See* Cal. Health & Safety Code § 11350(a) (every person convicted of the offense

---

[3] "Under California law, certain offenses may be classified as either felonies or misdemeanors.  These crimes are known as "wobblers." . . . [A] 'wobbler' is presumptively a felony and remains a felony except when the discretion is actually exercised to make the crime a misdemeanor." *Ewing v. California*, 538 U.S. 11, 16-17 (2003).  To the extent discernable, it appears the "criterion" Petitioner argues was "adopted" by the Eighth Circuit references California Penal Code § 17(b), which sets out guidance for how a "wobbler" offense may be classified.  *See United States v. Atkins*, 2017 WL 2652873, at *4 (N.D. Cal. June 19, 2017) (California Penal Code § 17(b) "permits the conviction to be 'wobbled' down to a misdemeanor" in accordance with certain terms); *United States v. Diaz-Argueta*, 564 F.3d 1047, 1049-50 (9th Cir. 2009) (California Penal Code § 17(b) "distinguishes between misdemeanor and felony convictions under wobbler statutes").

1  "shall be punished by imprisonment in a county jail of not more than one year").

2  However, as noted by Respondent, "[i]n *Allen*, the Ninth Circuit found that Petitioner
3  Allen 'ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241 petition'
4  because Petitioner Allen showed 'retroactive' [Supreme Court] cases . . . rendered his prior state
5  conviction non-qualifying for sentence enhancement." (Doc. No. 7 at 5 (citing *Mathis v. United
6  States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013)).  Here, in an
7  attempt to support his argument that his predicate conviction no longer qualifies as a "serious
8  drug felony" such that it would qualify for sentence enhancement under § 841(b) and § 851,
9  Petitioner cites a string of Eighth Circuit cases decided after his direct appeal and initial § 2255
10 motion that he claims "utilize[] California's Cal. Penal Code §17 to validate prior California's
11 [sic] State conviction for enhancement of sentence purposes." (Doc. No. 1 at 10-11 (citing, *e.g.*,
12 *United States v. Gomez-Hernandez*, 300 F.3d 974, 978 (8th Cir. 2002) (affirming district court
13 conclusion that defendant's prior conviction was a felony under California law on direct appeal);
14 *United States v. Viezcas-Soto*, 562 F.3d 903 (8th Cir. 2009) (finding on direct appeal that
15 government failed to prove by preponderance of the evidence that defendant's prior offense was a
16 felony because it was converted to a misdemeanor within the meaning of Cal. Penal Code
17 § 17(b), and remanding for resentencing); *United States v. Adams*, 716 F.3d 1066 (8th Cir. 2013)
18 (affirming on direct appeal that prior convictions for wobbler offenses qualified as felonies under
19 the Armed Career Criminal Act because the convictions did not result in judgment and neither
20 court declared them to be misdemeanors); *United States v. McPherson*, 2017 WL 2879794 (N.D.
21 Ia. July 6, 2017) (denying motion to dismiss indictment because predicate "wobbler" offense
22 constitutes a felony for the purposes of §922(g)(1)).

23 Here, Petitioner fails to cite retroactive federal law that would render his prior conviction
24 under a California "wobbler" statute non-qualifying for sentence enhancement under
25 § 841(b) and § 851 on collateral review. Moreover, to the extent Petitioner relies on a subsequent
26 reclassification of his predicate offense from a felony to "strictly" a misdemeanor, it is well-
27 settled that a prior conviction qualifies as a "felony drug offense" for the purposes of sentence
28 enhancement under 21 U.S.C. § 841(b) if it was punishable as a felony at the time of conviction.

5

*See United States v. Santillan*, 944 F.3d 731, 733-34 (8th Cir. 2019) (citing *United States v. Davis*, 838 F.3d 968, 973-74 (9th Cir. 2016) ("the question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have permitted relief from the defendant's state conviction.")).  As argued by Respondent, "Petitioner fails his burden to establish post-1992 retroactive state and or federal law changed the elements for his 1981 California state felony offense *nunc pro tunc* for purposes of 21 U.S.C. § 841(b) and § 851 application.  Even if present day criminal offenders (with similar prior state felony conviction) may not suffer similar sentencing enhancement under 21 U.S.C. § 841(b) and § 851, Petitioner fails his burden to show his 1981 conviction has retroactively been converted to a non-qualifying felony for purposes of 21 U.S.C. § 841(b) and § 851 sentencing enhancement." (Doc. No. 7 at 6).  Consequently, Petitioner fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e).

       Petitioner additionally argues he has not had an unobstructed procedural shot to raise his claim because "supporting precedence [sic] in the district of conviction ([Eighth Circuit]) became available after movants [sic] direct appeal in 1993, and after movants [sic] § 2255 in 1998." (Doc. No. 1 at 9 (referencing case law cited *supra*)).  However, because Petitioner has failed to demonstrate he is actually innocent, the Court need not address the "unobstructed procedural shot" prong of the escape hatch.  *See Wilson v. Thompson*, 2022 WL 815334, at *4 (E.D. Cal. Mar. 17, 2022) *(*citing *Nichols v. Ciolli*, 2021 WL 3563092, at *3 (E.D. Cal. Aug. 12, 2021)); *Renderos v. Langford*, 2019 WL 1789879, at *4 (C.D. Cal. Apr. 24, 2019); *Nguyen v. Babcock*, 2012 WL 3756864, at *2 (E.D. Cal. Aug. 28, 2012) ("The court need not address whether petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that he did not, he has failed to show that he is actually innocent.").  Moreover, as discussed *supra*, the Eighth Circuit has considered, and denied, multiple post-conviction challenges by Petitioner asserting a similar version of the argument that his "wobbler" state law conviction should not qualify as a predicate felony offense for the purpose of enhanced sentencing under 21 U.S.C. § 841(b) and § 851.

       Based on the foregoing, Petitioner has failed to satisfy the escape hatch criteria of § 2255,

and this court lacks jurisdiction over the § 2241 petition.  Because Petitioner has not been granted leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the § 2241 petition to the WDMO court of conviction for consideration as a § 2255 motion.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 7) is GRANTED and the Petition is DISMISSED.
2. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:   May 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE